NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERINSTON LORIEN SPENCER, AKA Llewelyn Cole,<br><br>              Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.    18-73095<br><br>Agency No. A028-445-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Berinston Lorien Spencer, a native and citizen of Jamaica, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying relief under the Convention

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). We grant the petition for review and remand.

In denying Spencer's deferral of removal under CAT claim, it is unclear from the record whether the agency considered the risk of torture by actors other than the individuals who previously attacked Spencer, where Spencer testified that he will be tortured or killed by anyone who learns of his sexual orientation in Jamaica, including the police, and where there is potentially dispositive record evidence supporting Spencer's testimony. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("[W]here potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."); *Bromfield v. Mukasey*, 543 F.3d 1071, 1078 (9th Cir. 2008) (in evaluating a CAT claim, "the agency must consider 'all evidence relevant to the possibility of future torture,' including the Country Report, which establishes that gay men are victims of beatings, killings, and other forms of torture." (citation omitted)); *see also Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (remanding for agency to consider all evidence in assessing likelihood of torture). Thus, we grant the petition for review and remand Spencer's CAT claim to the agency for further proceedings consistent with this disposition. *See INS v.*

18-73095

*Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We do not reach Spencer's remaining contentions. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**